UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TANAJEE MADDOX as Administratrix of the
Estate of GARY TERRANCE PORTER,

                Plaintiff,                                  **COMPLAINT**   5:19-CV-678
                                                                               [DNH/ATB]
                                                                           **JURY TRIAL DEMANDED**

                -against-

SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE sued herein in her capacity
as an individual,

                Defendants
-------------------------------------------------------------------X

       Plaintiff, TANAJEE MADDOX as Administratrix of the Estate of GARY TERRANCE PORTER by her attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendant herein, respectfully alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction is founded upon the existence of a Federal Question.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4.     Venue is appropriate pursuant to 28 U.S.C. §1391 (b) (1).

5.     Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Northern District of New York because events forming the basis of the Complaint occurred in that District.

6.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

## PARTIES

7. Plaintiff's decedent GARY TERRANCE PORTER was a resident of Onondaga County in the State of New York and he was an African-American male.

8. Tanajee Maddox is GARY TERRANCE PORTER' daughter and at all times relevant she was a resident of Onondaga County in the State of New York and she is an African-American female.

9. Gary Terrance Porter was shot and killed by defendant Police Officer Francemone on June 19, 2016 and subsequently the plaintiff brought a Surrogate's proceeding in the County of Onondaga File # 2019-171.

10. On April 4, 2019 Limited Letters of Administration were granted by the Onondaga County Surrogate and pursuant to the authority provided by said papers, the plaintiff brings this action.

11. Upon information and belief, at all times hereinafter mentioned, defendant SYRACUSE POLICE OFFICER KELSEY FRANCEMONE, who is a Caucasian female, was employed by Syracuse, as a member of its police department and defendant FRANCEMONE is sued in her capacity as an individual.

12. Defendant was at all times relevant duly appointed and acting as an employee of the Syracuse Police Department and at all times relevant, the individual defendant was acting in her capacity as a state actor under color of state law.

13. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

14. On June 19, 2016 there was an evening Father's Day party in Syracuse's Near West Side in the

James Geddes Apartments area attended primarily by the African-American residents of the neighborhood and their relatives.

15. The residents of said apartments were and are primarily African-Americans.

16. Shortly after 11:00 p.m. there were a few shots fired by people attending the party.

17. Defendant Police Officer Kelsey Francemone arrived on the scene and began running and firing her weapon recklessly into the crowd emptying an entire clip and then reloading and firing again at people running from behind them, one of whom was GARY TERRANCE PORTER, the plaintiff's decedent and the father of the plaintiff.

18. Plaintiff's decedent was struck in the back by a bullet fried by Francemone who aimed and fired at plaintiff's decedent's back.

19. Plaintiff's decedent lived for a short while in obvious pain but died shortly thereafter as a direct result of the shooting by Francemone.

20. Porter was unarmed, had not committed a crime, and was shot directly in the back as he fled the area he was in due, upon information and belief, to the gunfire in significant part being caused by Francemone.

21. Statements were issued after the incident that the defendant Police Officer Kelsey Francemone, was violently abused by the crowd; these statements are patently false.

22. After the incident, several witness's homes were broken into and cell phones which may have had videos of the incident were ceased for no legitimate law enforcement purpose other than to protect the police from liability.

23. Members of the Syracuse Police Department have been repeatedly warning witnesses not to post videos or make statements on social media or elsewhere about the incident and said warnings were given

with no legitimate law enforcement goal in mind.

## CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
## EXCESSIVE, UNREASONABLE AND UNNECESSARY FORCE
## RESULTING IN PAIN SUFFERING AND DEATH
## IN VIOLATION OF THE
## FOURTH AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

25. Plaintiff's decedent's rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the statues by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, via GARY TERRANCE PORTER being subjected to excessive, unreasonable and deadly force.

26. The defendant Francemone shot at plaintiff's decedent intentionally, unnecessarily, recklessly, maliciously and without the need to use any force, much less the excessive, gratuitous force she employed in running after and shooting an unarmed man who had not committed any crimes in the back and killing him.

27. As a direct consequence of defendant's actions, plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth Amendment to the United States Constitution, and more particularly, his right to be free from the use of excessive, unreasonable and deadly force.

28. As a result of defendant's actions plaintiff's decedent sustained physical injuries, including pain, suffering, emotional harms in particular the fear inflicted by an out of control officer running after him and shooting at his back, he was killed and he lost any chance to enjoy his life and he was otherwise harmed.

29. By reason of the aforesaid, the plaintiff has been damaged and the estate is entitled to compensatory damages in a sum not less than $5,000,000.00 (FIVE MILLION) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

    **WHEREFORE,** plaintiff respectfully request that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff's decedent's rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum not less than $5,000,000.00 (FIVE MILLION) DOLLARS

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendant in an amount to be determined at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 6, 2019

                                  / s /
                              FRED LICHTMACHER 513193
                              The Law Office of Fred Lichtmacher P.C.
                              Attorney for Plaintiff
                              116 West 23rd Street Suite 500
                              New York, New York 10011

Tel. No. (212) 922-9066
Empirestatt@aol.com


SYRACUSE POLICE OFFICER KELSEY FRANCEMONE
511 S State Street
Syracuse New York 13202