**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TANAJEE MADDOX,

                              Plaintiff,

                    -v-                            Case No. 5:19-CV-678 (BKS/MJK)

KELSEY FRANCEMONE,

                              Defendants.

**Hon. Brenda K. Sannes, Chief U.S. District Judge**

**<u>Trial Order</u>**

It is hereby, ORDERED that the jury trial in this case shall begin on **Monday, October 28, 2024 at 9:30 a.m.** before the Honorable Brenda K. Sannes.

All parties **shall** be prepared to proceed according to the schedule recited in this order and attachments **unless** on or before **July 29, 2024,** all parties file a Consent to the Exercise of Jurisdiction by a Magistrate Judge. *See* General Order 25, 28 U.S.C. § 636(c), L.R. 72.2(b), and Attachment. In the latter event, the court will issue an Order of Reference, the case will be removed from the trial ready list, and it will be referred to a United States Magistrate Judge for all further proceedings, including the scheduling of pretrial submissions and trial.

The parties are further advised that should a case be removed from the trial ready list because of settlement or some other factor, on or after **Wednesday, October 16, 2024, at 4:00 p.m.,** the court may impose **sanctions** pursuant to L.R. 47.3.

## <u>PRETRIAL SUBMISSIONS[1]</u>

The pretrial submissions required by Attachment 1 **shall** be filed on

or before **<u>September 9, 2024</u>, or <u>earlier</u> in accordance with the generic schedule recited

in Attachment 1**, as supplemented by the specific dates set forth below:

1.    On or before **<u>September 9, 2024</u>**, the parties **shall** file:

(a)    Joint Pretrial Stipulation (*See Attachment 1, ¶ 1*);

(b)    Court Ordered Voire Dire (*See Attachment 1, ¶ 2, and Attachment 2*);

(c)    Proposed Voire Dire (*See Attachment 1, ¶ 3*);

(d)    Witness List (*See Attachment 1, ¶ 4*);

(e)    Exhibit List (*See Attachment 1, ¶ 5(4)*);

(f)    Trial Brief (*See Attachment 1, ¶ 6*);

(g)    Requests to Charge and Proposed Special Verdict Form (*See Attachment 1, ¶ 7*); If defendant asserts the affirmative defense of qualified immunity, the defendant's special verdict form should include proposed special interrogatories, with factual questions for the jury, to aid the Court in its determination of qualified immunity, in accord with Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007)

(h)    Motions *In Limine* (*See Attachment 1, ¶ 8*). To the extent a party seeks to introduce evidence of a criminal conviction, the party

---

[1] To the extent that the requirements of this order and attachments are inconsistent with any prior Uniform Pretrial Scheduling Order or other orders entered in this case, this order and attachments control.

should identify the statutory crime of conviction, the date of the

conviction, the sentence and, if it is necessary for an evaluation of

admissibility under Fed. R. Evid. 609(b), the date of release from

confinement; and

    (I)    Depositions (*See Attachment 1, ¶ 9*);

2.    On or before **September 16, 2024**, the parties **shall** file:

    (a)    Responses to Motions *In Limine* (*See Attachment 1, ¶ 8*); and,

    (b)    Plaintiff shall file any objections to defendant's special

           interrogatories and any proposed additional special

           interrogatories; and,

3.    On or before **September 16, 2024** the parties **shall** submit to the court:

    (a)    Exhibit Copies (*See Attachment 1, ¶ 5(1)*).

### Final Pretrial Conference

The attorneys for all parties in this action **shall appear** at this court's chambers, 100

S. Clinton Street, Syracuse, New York, 11th floor, for a final pretrial conference on

**Monday, September 23, 2024 at 10:00 a.m.**

### Jury Selection and Trial

The attorneys and parties **shall appear** at a Courtroom to be determined, 100 S.

Clinton Street, Syracuse, New York, for the commencement of jury selection and trial on

**Monday, October 28, 2024 at** 9:30 a.m.

**Dated: April 8, 2024**

Brenda K. Sannes
Chief U.S. District Judge

## Attachment #1

## Pretrial Submissions

***N.B.*** **Unless otherwise noted, all parties shall electronically file and serve all pretrial submissions in accordance with General Order #22.**

The following pretrial submissions **shall** be filed in accordance with this order:

1. **Joint Pretrial Stipulation**

   A joint pretrial stipulation shall be subscribed by counsel for all parties, and shall contain:

   **(1)** The basis of federal jurisdiction;

   **(2)** A list of all exhibits which can be stipulated into evidence or which will be offered without objection as to foundation;

   **(3)** Relevant (a) facts not in dispute, (b) facts in dispute, and (c) issues of law to be considered and applied by the Court.

   **(4)** A brief synopsis of the plaintiff's claim(s) and any defense(s), which may be read to the jury before voir dire.

2. **Court Ordered Voir Dire**

   *See* Attachment #2

3. **Proposed Voir Dire**

   Each party shall submit a numbered list of questions which the court, in the exercise of its discretion, may use during jury selection.

4. **Witnesses**

   **(1)** Counsel shall file a witness list containing the following information regarding the witnesses that may be called to testify at trial other than solely for impeachment purposes:

    **(a)**    The name and, if not previously provided, the address (city only) of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony to be offered by each witness.

> ***N.B.*****: Personal Privacy Protections may apply to disclosure of this information. *See* Local Rule 8.1; General Order #22, ¶¶ 2.1.3, 11.1-11.2 and 12.2.**

    **(b)**    The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

**(2)**   The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance. In order to avoid the possibility of proceeding at trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve the testimony by written or video-taped deposition for possible use at trial. (Please refer to the attached instruction sheet for the use of video-taped depositions.)

**5.**    <u>**Exhibits**</u>

**(1)**    All exhibits shall be marked for identification in the manner prescribed hereinafter. Counsel are directed to provide one complete set of copies of the exhibits or, alternatively, three copies of a USB containing the exhibits to Judge Sannes' Deputy Courtroom Clerk at the beginning of the trial.

**(2)**    The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), <u>**NO LATER THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE.**</u> All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be assembled in <u>**BINDERS AND/OR ON USB**</u> with each document properly marked at the lower right corner for identification purposes as directed below. In voluminous cases, consult with Judge Sannes' Courtroom Clerk for the proper procedure to follow.

**(3)**    During the course of trial the Deputy Courtroom Clerk shall take charge of exhibits which are <u>received into evidence</u>. At the conclusion of the
trial, the Courtroom Deputy Clerk will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.

**(4)**    **On or before September 9, 2024**, counsel shall electronically file and serve an Exhibit List. The exhibits shall be listed on the form prescribed by the Court, a copy of which is attached to this Order. Counsel are to supply all the requested information with the exception of the two "Date Boxes" which should remain blank.

**(5)**    Counsel shall fill in the appropriate markers leaving the "File" and "Deputy Clerk" lines blank. All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government (U.S. Attorney).

Plaintiff's exhibits should be denoted as: P-l, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc. Government's exhibits should be denoted as:
G-l, G-2, G-3, etc.  In cases involving multiple  defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit. If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit.

**6.**    <u>**Trial Brief**</u>

**On or before September 9, 2024**, counsel shall electronically file and serve a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law. Trial briefs should also include any evidentiary issues that are expected to arise.

7. <u>**Requests to Charge and Proposed Special Verdict Form**</u>

**On or before September 9, 2024,** counsel shall electronically file and serve a request to charge and a proposed Special Verdict Form. The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues. The Court has usual boilerplate instructions. The Court prefers L. Sand et. al., Modern Federal Jury Instructions.

8. <u>**Motions in Limine**</u>

**On or before September 9, 2024**, counsel shall electronically file and serve any motions in limine, citing the applicable rules of evidence and case law. Counsel shall file any response to a motion in limine **no later than September 16, 2024.** <u>**MOTIONS IN LIMINE MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT**</u>.

9. <u>**Depositions**</u>

(1) **On or before September 9, 2024**, counsel shall provide to the court, via email, all non-video taped depositions to be used at trial. Depositions which have already been filed do not need to be re-submitted. If a party intends to use previously-filed depositions at trial the party should submit a letter identifying the docket number(s) of the deposition(s) it intends to use. Counsel shall mark all video-taped depositions to be used at trial as exhibits. (*See* General Order #22, ¶¶ 1.2, unnumbered paragraph foll. 2.1.6). To the extent possible, objections are to be resolved between the parties. Areas of unresolved disagreement shall be presented to the Court for ruling at the Final Pretrial Conference. (See attached instruction sheet for use of video-taped depositions.)

<u>ATTACHMENT #(2)</u>

COURT ORDERED VOIR DIRE
TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE:
CIVIL ACTION NO.:
ASSIGNED JUDGE OR MAGISTRATE JUDGE:

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:

(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.

(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE
CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO
BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION
IN THE COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE
DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY
COUNTERCLAIMS RAISED IN THE ANSWER.

(use additional page if necessary)

– – – – – – – – – – – – – – – – – -

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to
provide this information will be explained to the jury as to the extent of the delay and the
attorney causing same and if the delay causes a one (1) day or more postponement of this
trial, appropriate monetary sanctions will be imposed by the Court.

Submitted
by: Date:

**INSTRUCTIONS FOR THE USE OF VIDEO TAPED DEPOSITIONS**

**COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE AT THE TIME OF TRIAL. ALL VIDEO-TAPED DEPOSITIONS TO BE USED AT TRIAL SHALL BE PROVIDED TO THE COURT AND MARKED AS AN EXHIBIT BY <u>September 16, 2024</u>. EACH PARTY SHALL INDICATE TO THE OTHER PARTY THE PORTION OF THE DEPOSITION TO BE OFFERED. TO THE EXTENT POSSIBLE, OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES. COUNSEL SHALL SUBMIT ALL OBJECTIONS IN WRITING TO THE COURT FOR RULING PRIOR TO THE TRIAL READY DATE.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THE CLERKS OFFICE HAS TECHNOLOGY TO PLAY VIDEO DEPOSITIONS**

**AVAILABLE FOR USE AT TRIAL. PLEASE BE ADVISED THAT YOU MUST**

**PROVIDE A PERSON TO RUN THE EQUIPMENT DURING THE COURSE OF**

**THE TRIAL.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**<u>ELECTRONIC VISUAL EVIDENCE PRESENTER</u>**

**IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT**

**HAS AVAILABLE A VISUAL EVIDENCE PRESENTER WHICH WILL**

**ALLOW COUNSEL TO DISPLAY PHOTOS (NEGATIVES OR POSITIVES),**

**DOCUMENTS, X-RAYS, AND 3-D OBJECTS , WITHOUT WIRES, ON**

**TELEVISIONS PLACED THROUGHOUT THE COURTROOM. THIS**

**EQUIPMENT IS AVAILABLE AT THE COURTHOUSES IN ALBANY,**

**SYRACUSE, UTICA AND BINGHAMTON. USE OF THE VISUAL**

**PRESENTER MAY BE REQUIRED BY THE TRIAL JUDGE PRESIDING**

**OVER YOUR CASE. FOR FURTHER INFORMATION ON THE USE OF THIS**

**EQUIPMENT, PLEASE CONTACT THE COURTROOM DEPUTY CLERK**

**FOR THE ASSIGNED TRIAL JUDGE.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


CASE NO. _____
PLAINTIFF EXHIBIT NO. _____
DATE ENTERED _____


JOHN M. DOMURAD, CLERK
BY:_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


CASE NO. _____
DEFENDANT EXHIBIT NO. _____
DATE ENTERED _____


JOHN M. DOMURAD, CLERK
BY:_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


CASE NO. _____
PLAINTIFF EXHIBIT NO. _____
DATE ENTERED _____


JOHN M. DOMURAD, CLERK
BY:_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


CASE NO. _____
DEFENDANT EXHIBIT NO. _____
DATE ENTERED _____


JOHN M. DOMURAD, CLERK
BY:_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


CASE NO. _____
PLAINTIFF EXHIBIT NO. _____
DATE ENTERED _____


JOHN M. DOMURAD, CLERK
BY:_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


CASE NO. _____
DEFENDANT EXHIBIT NO. _____
DATE ENTERED _____


JOHN M. DOMURAD, CLERK
BY:_____
DEPUTY CLERK

Page 1 of _____

United States District Court
For The Northern District Of New York Case

No. _____

Date: _____

Presiding Judge: _____

( ) Plaintiff                    ( ) Defendant                    ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____

Signature:_____

Page_____of ____

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____
Signature:_____