UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TANAJEE MADDOX as Administratrix of the Estate of
GARY TERRANCE PORTER,

                                                                                                                      5:19-cv-00678 (BKS/MJK)

                           Plaintiff,

v.

SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE, sued herein in her capacity as an
individual,

                           Defendant.
_____

**Appearances:**

*For Plaintiff:*
Fred B. Lichtmacher
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
159 West 25th Street, Room 510
New York, New York 10001

*For Defendant:*
John G. Powers
Mary L. D'Agostino
Ryan M. Poplawski
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202

Susan Katzoff,
Corporation Counsel for the City of Syracuse
Todd M. Long
City of Syracuse Law Department
233 E. Washington Street
300 City Hall
Syracuse, New York 13202

1

**MEMORANDUM-DECISION AND ORDER**

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**I.    INTRODUCTION**

Plaintiff Tanajee Maddox, as Administratrix of the Estate of Gary Terrance Porter, brings this action under 42 U.S.C. § 1983 against Defendant Syracuse Police Officer Kelsey Francemone asserting a claim for excessive force, in violation of the Fourth Amendment. (Dkt. No. 1, at ¶ 1, 4). Presently before the Court is Plaintiff's Motion in Limine seeking to exclude Mr. Porter's prior firearm convictions, (Dkt. No. 287-1, at 16), and Defendant's Motion in Limine #28 seeking to admit Mr. Porter's prior firearm convictions, (Dkt. No. 293, at 6). The court heard oral argument on the motions at the final pretrial conferences on November 8, 2024 and on April 29, 2025.

**II.    DISCUSSION**

Defendant argues that Mr. Porter's "two prior gun convictions—and their underlying circumstances—are independently admissible under the inclusive framework of Fed. R. Evid. 404(b)(2)." (Dkt. No. 444-5, at 30). Mr. Porter has a 2008 conviction for "criminal possession of a weapon in the second degree (for possessing a loaded handgun outside the residence)," in violation of N.Y. Penal Law 265.03, and a 1994 conviction for criminal possession of a weapon in the third degree, in violation of NY Penal Law 265.02. (Dkt. No. 364, at 1–2; Dkt. No. 364-1 at 10, 25). Defendant argues that the prior firearm convictions are admissible to show that "Mr. Porter had the opportunity and ability to access weapons," (Dkt. No. 293, at 8), that Mr. Porter had a "motive to flee from arrest," (*id.* at 11), and to "rebut any irrelevant and otherwise inadmissible reputation or character evidence offered by Plaintiff's witnesses," (*id.* at 12).[1]

---

[1] With respect to rebutting character evidence, Defendant argues Mr. Porter's prior firearm convictions should be admitted because "they are probative as to Mr. Porter's ability to serve as a role model and provide moral guidance

Plaintiff argues that Mr. Porter's prior firearm convictions should be excluded because the admission of this evidence would be "unduly prejudicial," and the probative value is "greatly outweighed" by prejudice. (Dkt. No. 287-1, 16). Plaintiff states that evidence of Mr. Porter's firearm convictions "would serve no legitimate purpose other than to unfairly prejudice the jury and bolster the Defendant's baseless claim [that Mr. Porter] was armed." (*Id.* at 16-17).

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Second Circuit follows an inclusionary approach to Rule 404(b), meaning that evidence of other crimes, wrongs or acts "is admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992). The inclusionary rule, however, "is not a carte blanche to admit prejudicial extrinsic act evidence when . . . it is offered to prove propensity." *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012); *see also United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009) (holding that evidence of prior convictions was "propensity evidence in sheep's clothing").

There are four requisites to admit such "other act" evidence: "(1) it must be offered for a proper purpose under Federal Rule of Evidence ('FRE') 404(b), (2) it must be relevant under FRE 402, (3) its probative value must outweigh its prejudicial effect under FRE 403, and (4) the trial court must, upon request, give a proper limiting instruction under FRE 105." *United States*

---

to his children." (*Id.* at 15). The Court has not considered this argument, in light of its ruling precluding damages for loss of parental guidance. (Dkt. No. 455). The Court has also not considered what evidence might be admissible to rebut any character evidence admitted as to loss of enjoyment of life, an issue that was first raised at the April 29, 2025 hearing.

3

*v. Slaughter*, 248 F. App'x 210, 212 (2d Cir. 2007) (*citing Huddleston v. United States,* 485 U.S. 681, 691–92 (1988)). Evidence admitted under 404(b) must be relevant to an issue *in dispute.*" *Scott*, 677 F.3d 72, 83 (2d Cir. 2012) (vacating conviction and remanding where lower court improperly admitted testimony under 404(b) on the issue of identity, but "nothing in the defense case, from opening to close, even remotely raised the issue of identity").

The Second Circuit has noted that "prior convictions are far more likely to be received as potent evidence of propensity than other prior bad acts routinely offered under Rule 404(b) because they bear the imprimatur of the judicial system and indicia of official reliability." *McCallum*, 584 F.3d at 476. "[P]rior convictions should not be admitted unless the court has carefully conducted the Rule 403 balancing test." *Cooper v. Clancy*, No. 19-cv-362, 2023 WL 7281149, at *4, 2023 U.S. Dist. LEXIS 197522, at *10 (N.D.N.Y. Nov. 3, 2023) (quoting *McCallum*, 584 F.3d at 476). Under Rule 403, courts have discretion to exclude otherwise admissible evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusion of the issues, or misleading the jury." *United States v. Graham*, No. 14-cr-500, 2015 WL 6161292, at *1, 2015 U.S. Dist. LEXIS 142484, at *3 (S.D.N.Y. Oct. 20, 2015) (citing Fed. R. Evid. 403). Courts have "broad discretion to balance probative value against prejudice." *Id.* (quoting *United States v. Bermudez,* 529 F.3d 158, 161 (2d Cir. 2008)).

The Court will address each of Defendant's remaining arguments for the admissibility of Mr. Porter's prior convictions in turn.

### A.     Mr. Porter's Ability to Access Firearms

Defendant argues that Mr. Porter's prior firearm convictions are admissible under Rule 404(b)(2) for the non-propensity purpose of showing that Mr. Porter had the "opportunity and ability to access" firearms. (*See* Dkt. No. 293, at 8). Defendant has cited a number of criminal

4

cases where courts have admitted evidence of a defendant's prior possession of a firearm as evidence of opportunity and access to a weapon against defendants charged with possessing or using firearms. *See United States v. Zappola,* 677 F.2d 264, 270 (2d Cir. 1982) (holding that testimony was properly admitted as probative of defendant's access to a firearm, where witness had seen a handgun at defendant's house six months before defendant allegedly threatened the witness with a handgun); *United States v. Lomas*, 826 F.3d 1097, 1103 (8th Cir. 2016) (holding evidence that defendant possessed a firearm weeks prior to the charged robbery was admissible under 404(b) because it showed "knowledge of firearms, that he had carried a similar-looking firearm within weeks of the robbery, and that he had carried the firearm in a fashion similar to that employed by the bank robber"); *United States v. Taylor*, 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010) (finding that evidence of defendant's conviction for possession of firearms in 2002 was admissible in prosecution of alleged 2008 armed robbery, because this evidence was relevant to issue of "opportunity and absence of mistake and also admissible to demonstrate [defendant's] ability to access such a weapon").[2]

When a court assesses the probative value of a prior conviction under Rule 403, "the remoteness of a conviction, whatever its age, is always pertinent to this assessment." *United States v. Figueroa*, 618 F.2d 934, 942 (2d Cir. 1980). *See also Ridge v. Davis*, 639 F. Supp. 3d 465, 476 (S.D.N.Y. 2022) (precluding evidence of plaintiff's prior convictions where "the limited probative value [was] diminished because the convictions occurred almost ten years ago") (citing *Shepherd v. Smith*, 15-cv-00665, 2019 WL 5212883, at *7, 2019 U.S. Dist. LEXIS 178838, at

---

[2] The date of the prior possession of a firearm is not clear from the record in some of the cases cited by Defendant. *See Slaughter*, 248 F. App'x at 212 (holding that defendant's "possession of a handgun prior to the charged crime is properly admitted to show access to such a weapon"); *United States v. Bumagin*, 136 F. Supp. 3d 361, 369-70 (E.D.N.Y. 2015) (admitting evidence that defendant "discussed his possession of numerous firearms in furtherance of his ongoing criminal activities," to show the defendant's opportunity and ability to obtain firearms in a case charging a Hobbs Act robbery conspiracy and illegal use of firearm).

5

*17 (N.D.N.Y. Oct. 16, 2019)). Here Defendant seeks to admit prior convictions that occurred eight years and twenty-two years prior to this incident. The passage of time diminishes the probative value of opportunity and access.

Moreover, in this case the issue of whether Mr. Porter had a firearm will likely be one of the most critical issues at trial. No gun was recovered and the eye witnesses dispute whether he had a firearm. The jury will therefore have to assess the credibility of the eye witnesses in order to resolve this issue. Admitting the prior convictions raises a danger of distracting the jury from these credibility determinations and a danger that that they may use the firearm convictions for the improper propensity determination—that Mr. Porter was the type of person who carried a firearm. Here, given the importance of the firearm issue, the age of Mr. Porter's firearm convictions, the limited, competing evidence as to whether Mr. Porter had a firearm on the day in question, and the danger that the convictions will be considered as propensity evidence, the Court finds that the probative value of Mr. Porter's firearm convictions to show opportunity or the ability to access firearms is substantially outweighed by the danger of unfair prejudice and distracting the jury from the credibility determinations it must make. *See* Fed. R. Evid. 403.

B.  **Lack of Mistake and Knowledge**

Defendant also peripherally suggests that Mr. Porter's prior convictions are admissible for the non-propensity purpose of demonstrating "lack of mistake," (Dkt. No. 325, at 19), and to show Mr. Porter "had the requisite knowledge" to "know where to acquire illegal handguns," and "how to handle" firearms. (Dkt. No. 444-5, at 32). But Mr. Porter's "lack of mistake" in possessing a firearm or knowledge of how to handle a firearm are not disputed issues in this case. And Mr. Porter's "knowledge" of where to acquire firearms is not distinguishable from the issues of opportunity and access discussed above. *See, e.g., United States v. Brown*, 961 F.2d

6

1039, 1042 (2d Cir. 1992) (affirming admission of handguns into evidence under 404(b), noting that the "presence of other firearms in [defendant's] apartment and in his pick-up truck made it more likely that the Uzi [relevant to his conviction] belonged to him, thus tending to establish both his knowledge, and the absence of mistake or accident, with respect to the presence of the Uzi in his apartment). The Court finds that Mr. Porter's prior convictions are not admissible to show lack of mistake or knowledge, because these issues are not in dispute and, in any event that any probative value on these issues is substantially outweighed by the Rule 403 dangers, as described above. *See Scott*, 677 F.3d at 83.

      C.      **Mr. Porter's Motive to Flee**

Defendant also asserts that Mr. Porter's prior convictions gave him a motive to flee from Defendant and help to explain his "unusual conduct" in deciding to run only after Defendant arrived. (Dkt. No. 293, at 9; Dkt. No. 444-5, at 33). Specifically, Defendant argues that Mr. Porter "ran away after Officer Francemone arrived [and not when the gunfight began] because he had previously served time for felony gun convictions and did not want to get caught . . . participating in a firefight." (*Id.* at 11). Defendant is expected to testify that "Mr. Porter was holding a weapon as she was chasing him," and that "he appeared to turn toward her while holding his weapon." (Dkt. No. 284, at 9). Defendant notes that if Mr. Porter had been "arrested again on that date—on such charges as criminal possession of a weapon or felony assault relating to the shooting at the Stone Court parking lot . . . —he would have been subject to a significant sentencing enhancement under New York's recidivist sentencing statutes[,]" "significantly increasing the stakes associated with being apprehended[.]" (Dkt. No. 444-5, at 34).

7

Plaintiff, on the other hand argues that even if motive to flee is at issue, Mr. Porter "fled along with everyone else present due to active gunfire" and that he "ran towards [Defendant], not away from her originally, before turning westbound." (Dkt. No. 436-7 at 7-9).

While evidence of other bad acts may be admissible under Rule 404(b)(2) of the Federal Rules to show motive or for a proper purpose concerning his flight, the Court cannot resolve the issues that will be necessary to rule on this argument without hearing the trial evidence—including whether the evidence will reveal disputed issues, and the probative value of Mr. Porter's criminal history as to a disputed issue.[3] Therefore, the Court reserves ruling on the admissibility of Mr. Porter's convictions until trial with respect to his motive to flee or explanation for his flight.

## III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion in limine, (Dkt. No. 287-1), seeking to exclude evidence of Mr. Porter's prior convictions is **GRANTED** in part, and Defendant's motion in limine, (Dkt. No. 293), seeking to introduce evidence of the convictions is **DENIED** in part, as set forth above, and a final ruling is reserved until trial.

**IT IS SO ORDERED.**

Dated: May 2, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[3] To the extent this evidence is probative, potential unfair prejudice could be mitigated by omitting the specifics of Mr. Porter's previous convictions—i.e., that those convictions involved possession of *firearms*.